## Mary C. Rose, Appellee, v. J. H. Howenstein, Appellant.

### Gen. No. 25,154.

1. ACCOUNT, § 19*—*what may be considered in determining exist-ence of fiduciary relation.* While no fiduciary relation exists *per se* between two persons as to a transaction between them merely because they are brother and sister and tenants in common of the property involved, the fact that they occupy these relations to each other is to be considered together with all the other facts and circumstances in passing upon the question of the existence of the fiduciary relationship.

2. ACCOUNT, § 19*—*when fiduciary relation exists.* Even though one has not been legally appointed executor of a deceased sister's estate, where he, in fact, acted as such and had entire charge of the estate and also acted as agent as to the property for a sister who was one of the heirs, a fiduciary relationship existed between him and the latter as to his dealings with such property.

3. ACCOUNT, § 19*—*what is effect of fiduciary relation as to accounting.* The existence of a fiduciary relationship between a vendor and a purchaser does not entitle the former to an account-ing from the latter for profits made on a resale where the transaction between them is shown by the purchaser to have been fair and reasonable and for an adequate consideration.

Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, ·Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1919.    Affirmed. ' Opinion filed July 7, 1920.    Rehearing denied July 19, 1920.

JOHN S. HUEY, for appellant.

· A. A. ROLF, for appellee; ALVIN E. STEIN, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Complainant filed her bill against defendant for an accounting.    The case was tried before the chancellor

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and a decree entered in complainant's favor for $501.85.

The record discloses that complainant and defendant are brother and sister; that a sister of the parties died testate in Ohio in 1905 leaving personal and real property; that one-half of such property was bequeathed to defendant and the other one-half to another brother and three sisters, one of whom is complainant; that by the terms of the will defendant was named executor but was not formally appointed by the court; that the will was not filed for record in the probate court of Crawford county, Ohio, until April 17, 1911; that on November 9, 1910, complainant called on defendant for the purpose of obtaining money from him for her share of the estate. Thereupon complainant received from defendant $500 and executed the following receipt:

"Received of J. H. Howenstein ($500) Five Hundred Dollars in full payment of all claim or right in the estate of Mrs. Margaret A. Bowers, deceased. Said payment being made at my request and entirely satisfactory to me.

"Nov. 9, 1910, Chicago, Ill.       Mary C. Rose."

May 2, following, complainant and her husband at the request of defendant executed and delivered to defendant a quitclaim deed for her interest in the real property for which he gave her no additional consideration. About the same time he procured quitclaim deeds from the other heirs for their interests in the property, for which interest he paid each heir $600 September 9, 1915. More than 3 years afterwards, he sent complainant $100. Afterwards, March, 1917, the bill was filed asking for an accounting, complainant claiming she was entitled to her share of the proceeds of the property sold by the defendant in accordance with the terms of the will.

Defendant's contention was that in November, 1910,

he purchased complainant's interest outright and that he owed complainant nothing.

The record further shows that there was some personal property in the estate that was distributed by the defendant to the heirs; that he took charge of the real estate in Ohio, paid the taxes, subdivided it into lots, built sidewalks, sold most of it and had control of it from the time of the testatrix's death. Defendant also introduced evidence that in 1910 and 1911, when he claims to have purchased complainant's interest, the property was not worth more than $4,000, on which basis complainant, under the will, would receive one-eighth or $500. Complainant contended that she did not sign the receipt in November, 1910, but the court held against her and we think such holding was clearly right. The court, however, held that there was a fiduciary relation existing between the parties and, therefore, complainant was entitled to one-eighth of the proceeds of the sale of the property and a decree was entered accordingly. Some years after 1910 the defendant sold most of the property and there is no dispute that after deducting all expenses incurred in the handling of it and if complainant was entitled to her one-eighth interest defendant would owe her $501.85, the amount for which the decree was entered.

Defendant, however, strenuously insists that no fiduciary relation exists *per se* between the parties merely because the parties are brother and sister and tenants in common. We think this contention as a matter of law is correct, but the fact that the parties are brother and sister and tenants in common is to be considered together with all the other facts and circumstances in determining whether such a relationship exists. The question whether there is a fiduciary relation between the parties depends upon all the facts and circumstances. *Albrecht v. Hunecke,* 196 Ill. 131. No hard and fast rule can be laid down that will apply to all cases. In the instant case defendant was

not legally appointed executor, yet he, in effect, acted as such for he had complete charge of the entire estate, from the testatrix's death in 1905 to date, and it may also be said that he acted as agent of complainant in the handling of the property. Of course, where one acts as executor or as agent for another a fiduciary relationship exists, and we think under all the circumstances in this case the court did not err in holding that there was such a relation between the parties here. However, even if such relationship did exist, it would not entitle complainant to an accounting if the defendant showed that the purchase by him of the property in 1910 was fair and reasonable and for an adequate consideration, and although defendant did offer evidence tending to show this fact, that point is not urged here and does not appear to have been urged in the trial court. On the contrary defendant took the position that if a fiduciary relation did exist between the parties complainant was entitled to an accounting, for in his brief counsel says: "If this court should hold with the trial court that said transaction of the payment of $500 by appellant to appellee for her interest in said property and the giving of the receipt by her in full payment for said interest as recited therein, was voidable by her and not binding upon her because of a confidential relation then existing between them, that, of course, would be the end of this case for appellant, whether said receipt is genuine or a forgery.

"If, on the other hand, this court should hold with us that there was no confidential relation between these parties at the time of the said transaction, then it seems equally clear to us that that will end the case for appellee, so that we believe we may safely say that the whole case turns upon this question of law." This being the position taken, we think the chancellor correctly decided the question of law.

Tarasek v. The Kosciuszko Bldg. & L. Assn. No. 3, 218 Ill. App. 487.

The decree of the circuit court of Cook county was, therefore, proper and is affirmed.

*Affirmed.*

TAYLOR, P. J. and THOMSON, J., concur.